# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSMEL MAESTRE<br>    Plaintiff,<br><br>    v.<br><br><br>SDH SERVICES EAST,<br>Limited Liability Company<br>    Defendant. | )<br>)<br>)<br>) **Case No.:**   1:18-cv-02494<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**COMES NOW**, Plaintiff Osmel Maestre (hereinafter "Plaintiff" or "Mr. Maestre"), by and through his undersigned counsel, and files this, his Complaint against Defendant SDH Services East, LLC (hereinafter "Defendant" or "SDH Services"), and respectfully shows this Court as follows:

## NATURE OF COMPLAINT

1. Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. This action seeks declaratory relief, liquidated and actual damages for Defendant's unlawful employment practices on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964 42 USC §§ 2000e, et seq. (hereinafter "Title VII").

## JURISDICTION AND VENUE

3. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983 and 42 U.S.C. § 2000e-5(f).

4. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).

5. The unlawful employment practices alleged in this Complaint were committed within the District of Columbia. Therefore, in accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

6. Plaintiff is a male (Hispanic/Cuban) citizen of the United States of America and is subject to the jurisdiction of this Court.

7. Defendant SDH Services, LLC is a wholly owned subsidiary company of Sodexo, Inc., is qualified and licensed to do business in the District of Columbia, and at all times material hereto has conducted business within this District.

## ADMINISTRATIVE PROCEDURES

8. On July 14, 2017, Plaintiff timely contacted the United States Equal Employment Opportunity Commission ("EEOC") and filed a complaint against SDH Services alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et. seq.*, and the Rehabilitation Act, identified as EEOC Charge No. 517-2017-01748

9. Plaintiff has exhausted all of his administrative remedies.

10. On or about July 14, 2017, Plaintiff submitted a Form 5 Charge to the EEOC alleging that SDH Services violated Title VII of the Civil Rights Act of 1964, as amended, due to discrimination based upon national origin and retaliation for filing a complaint of national origin, a protected activity.

11. The EEOC issued a "Notice of Right to Sue" on July 31, 2018, entitling an action to be commenced within ninety (90) days of receipt of that notice.

12. This action has been commenced within ninety (90) days of Mr. Maestre's receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates all information and allegations contained in the preceding paragraphs, as if fully set forth herein.

14. Plaintiff was hired by Defendant on or around August 22, 2016, as a Senior Manager-Area Support Engineering.

15. In this capacity, Mr. Maestre was given the title of Director, Strategic Planning and Shared Services and performed the duties of this position; worked closely with all Directors, specifically Julie Policastro, Vice President of Facility Operations, and was required to communicate with her to fulfill the duties and responsibilities of his job.

16. At all times relevant, Julie Policastro (Caucasian), acted in supervisory capacity to Plaintiff.

### Disparate Treatment - Race Discrimination

17. From at least August 22, 2016, to August 3, 2017, Maestre (Hispanic) and other similarly situated minority employees (African American) were discriminated against based on national origin by their supervisors. Maestre and similarly situated employees have been subjected to disparate treatment as a result of Defendant's conduct. The discrimination and disparate treatment was regular and routine, and often occurred several times a week.

18. From at least August 22, 2016, to August 3, 2017, Maestre and similarly situated employees were not given necessary training, staff and resources needed to complete essential job functions. Instead, all necessary training, staff, resources, and the opportunity for additional certifications were exclusively granted to similarly situated Caucasian employees.

19.     During the relevant time period, Maestre also applied for several senior level positions. In each instance, Maestre was discriminated based on his national origin (Hispanic). Despite Maestre being more qualified, each position was occupied by a less qualified Caucasian candidate.

20.     During the relevant time period, Maestre and similarly situated employees also were more than likely to receive a heavier workload than their Caucasian counterparts. On more than one occasion, Maestre and similarly situated employees were assigned work that fell outside of the scope of their respective job duties. However, Mr. Maestre was not paid as other Directors, was given additional duties and had staff transferred to his area from other Directors.

### Retaliation

21.     Despite the complaints by Maestre and similarly situated employees, Sodexo HR failed to sufficiently investigate the allegations, and take prompt and appropriate remedial action to prevent or correct further discrimination and harassment.

22.     After Maestre reported the national origin discrimination to Sodexo HR, he was retaliated against by his supervisor, Julie Policastro. Maestre was micromanaged, given routine tasks to deviate him from critical activities under his job function, and excluded out of meetings with his staff.

### COUNT ONE
Race Discrimination
42 U.S.C. § 2000e-2(a)(1)
*(Hispanic/Cuban)*

23.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

24. Plaintiff has exhausted his administrative remedies under Title VII of the Civil Rights Act of 1964, as amended.

25. Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

26. At all times relevant to this Complaint, Defendants and their agents were acting under color of the laws, customs and usages of the District of Columbia within the meaning of 42 U.S.C. § 1983.

27. Plaintiff is a member of a protected class, as he is Hispanic/Cuban.

28. Defendant discriminated against Plaintiff because of his race in violation of Title VII, 42 U.S.C. § 2000e-(2)(a), by engaging in, tolerating or failing to prevent race-based harassment alleged herein and by failing to take affirmative action to correct and redress these unlawful employment practices.

29. During Plaintiff's employment, Ms. Policastro, subjected Plaintiff to disparate treatment on the basis of his race. Plaintiff performed the duties and responsibilities of his job adequately.

30. This conduct and other incidents of harassment described above were because of Plaintiff's race, and Plaintiff did not see Ms. Policastro or others treat the non-Hispanic employees in the manner he was being treated.

31. The harassment directed at Plaintiff was either intended to cause him severe emotional distress or was perpetrated with malice or reckless indifference to the likelihood that it would cause such distress. Defendant is, therefore, liable to Plaintiff for all damages proximately resulting from the distress he has suffered relating to the conduct of Defendant.

32. Due to Defendant's actions, Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering and such impact is on-going and permanent in nature.

33. Plaintiff has incurred lost wages and loss of career opportunity, now and into the future, without Plaintiff contributing any negligence thereto.

**COUNT TWO**
Hostile Work Environment
42 U.S.C. § 2000e-2(a)(1)

34. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

35. Plaintiff has exhausted his administrative remedies under Title VII of the Civil Rights Act of 1964, as amended.

36. Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

37. At all times relevant to this Complaint, Defendants and their agents were acting under color of the laws, customs and usages of the District of Columbia within the meaning of 42 U.S.C. § 1983.

38. Plaintiff is a member of a protected class, as he is Hispanic.

39. Defendant discriminated against Plaintiff because of his national origin in violation of Title VII, 42 U.S.C. § 2000e-(2)(a), by engaging in, tolerating or failing to prevent the national origin discrimination alleged herein and by failing to take affirmative action to correct and redress these unlawful employment practices.

40. During Plaintiff's employment, Ms. Julie Policastro subjected Plaintiff to a barrage of offensive and unwelcome comments. Plaintiff clearly indicated that the conduct was unwelcome. Plaintiff did not solicit or incite the conduct and he perceived the conduct to be offensive and/or undesirable.

41. This conduct and other incidents of harassment described above were because of Plaintiff's national origin.

42. The conduct suffered by Plaintiff was sufficiently pervasive and/or severe to alter and did alter a condition of Plaintiff's employment and created an abusive working environment.

43. Plaintiff and similarly situated employees were detrimentally affected by the conduct and such conduct would have detrimentally affected a reasonable man in Plaintiff's position.

44. The Defendant knew or should have known of the discrimination described herein and Ms. Policastro's propensity to engage in such national origin-based harassment and failed to implement prompt, appropriate or corrective action.

## COUNT THREE
Retaliation Based Upon Protected Activity
42 U.S.C. § 2000e-2(a)(1)

45. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

46. Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

47. At all times relevant to this Complaint, Defendants and their agents were acting under color of the laws, customs and usages of the District of Columbia within the meaning of 42 U.S.C. § 1983.

48. Plaintiff has exhausted his administrative remedies under Title VII of the Civil Rights Act of 1964, as amended.

49. Plaintiff complained verbally and in writing to Defendant's management and officials regarding his belief that he was being subjected to harassment and discriminatory conduct based on national origin.

50. Defendant subjected Plaintiff to the aforementioned adverse employment actions because of his participation and opposition to unlawful and discriminatory employment practices in violation of Title VII, Section 1983.

51. The adverse retaliatory actions to which Plaintiff has been subjected are a direct result of Plaintiff having previously engaged in protected EEO activity.

52. Similarly situated employees (no known prior EEO activity) were not subjected to the same, similar, or any other adverse treatment.

53. Other employees who were similarly situated, but members of a different protected class than Plaintiff, have received different terms and conditions of employment.

54. Defendant's unlawful conduct has created a climate of fear and intimidation for Plaintiff and other employees, which creates a chilling effect upon other employees' willingness to engage in protected activity.

55. Defendant's unlawful conduct negatively impacted the terms, conditions, and privileges of Plaintiff's employment.

56. Defendant's retaliatory conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his participation and opposition to Defendant's discriminatory conduct.

57. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants, and employees while acting within the course and scope of their employment, under the theory of *respondeat superior*.

58. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury, and monetary damages – including, but not limited to, past and future loss of income, benefits, promotion and promotional

opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

59. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity, now and into the future, without Plaintiff contributing any negligence thereto.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Order the Defendant institute a policy and procedure to be implemented against discrimination;

b. Supervisory training for the supervisors at issue herein;

c. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein; and

d. Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

e. Award lost wages;

f. Award back pay and benefits, with interest;

g. Award future wages;

i. Award reasonable attorney fees, costs, and expenses incurred for this action;

j. Award differential in salary compared to other similarly situated Directors;

k. Reimburse medical, dental and COBRA insurance costs;

l. Award equitable, declaratory, and injunctive relief; and

m. Award such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

60. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

Dated:  October 29, 2018

Respectfully submitted,

/s/ Reshad Favors_____
Reshad Favors (D.C. Bar #1034316)
THE MOSAIC LAW FIRM PLLC
1629 K Street, NW Suite 300
Washington, DC  20006
(202) 508-8249
reshad.favors@themosaiclawfirm.com

*Counsel for Plaintiff*